## Goodwin v. Morris.

### Statute of Limitations.

The statute of limitations of this state affects the remedy only, and not the right or title to personal property.

#### Common Law Rule Presumed.

In the absence of any allegation or proof to the contrary, the court will presume that the common law rule of limitation concerning the bringing of actions to recover possession of this class of property, is in force in Washington Territory, and under that rule the statute of this state could not be plead there as a bar to an action of that class.

Appeal from Umatilla. The facts are stated in the opinion.

*Everts & Walker,* for appellant.

The statute of limitations commences to run from the time the possession becomes adverse. (11 Peters, 41, 52; 9 N. Y., 329; 25 Mo., 197; 49 Mo., 399; 54 Mo., 315.)

Where there has been a continuity of possession, the time of all adverse claimants may be taken together, and the vendee can plead possession in a vendor as a defense. (Code, sec. 4; 5 Met., 15; 17 Am. Dec., 580; 18 Id., 320; 9 Id., 690.)

The warranty of title by a vendor only extends to the boundaries of the state. Contracts are governed by the *lex loci contractus.* (2 U. S. Digest. 763; 3 Met., 397; 6 Peters, 172.)

The statute of limitations is sufficiently pleaded. (29 Cal., 19, 45; 2 Estee's Plead., 741; 27 Cal., 279.)

*Bailey, Tustin & Tu... ..r, and Bonham & Ramsey,* for respondent.

Paragraph 8 of the charge of the court below has reference to the attempt of the appellant to show title in himself by six year's possession. The answer does not contain any plea of the statute of limitations. Possession of the mare for more than six years would, if true, constitute no defense, because, to constitute title by possession, it must be adverse and hostile to the true owner. By failing to plead, in proper

form, an adverse ......... for six years, the appellant waived such defense. (5 Curtis, 224; Angell on Limitations, section 385; 2 Smith's Leading Cases, 593, 603; 22 Ark., 4, 6; *Watson* v. *McEwan*, 7 Or., 87; 38 Iowa, 155; 43 Georgia, 332; 57 Mo., 294.)

Our statute merely suspends the remedy, it does not extinguish the right. (*Myers* v. *Beal,* 5 Or., 130; *Townsend* v. *Jemison*, 9 How., 413.)

By the Court, WATSON, J.:

This action was commenced and tried in the justice's court for Pendleton precinct, Umatilla county, Oregon. Respondent there obtained judgment, and the case was appealed to the circuit court for said county. The case was tried there by a jury, and respondent again obtained a judgment, from which an appeal has been taken to this court.

It appears that appellant obtained possession of a certain mare, about the 1st of September, 1872, and kept possession of her from that date, in said county, claiming her as his property, until in November, 1878, when he sold and delivered her to respondent, together with a colt which she had raised while so in appellant's possession, and warranted title to the same.

In September, 1879, respondent took the mare and colt into Washington Territory, where they were claimed by Jane Waterman as her property, and given up to her without suit.

This action was brought to recover damages for a breach of the warranty. The issues made by the pleadings were, whether appellant had title to the property when he sold it to the respondent, and as to the damages.

The appellant claims that his possession of over six years in Oregon gave him title to the property, and that an instruction given by the judge of the circuit court to the jury, on the trial, bearing upon the question of the sufficiency of his possession under the statute of limitations of this state, was erroneous, and injuriously affected his substantial rights.

We are of the opinion, however, that he could acquire no title simply by adverse possession for the period prescribed by the statute within which an action to recover the possession of personal property must be commenced in this state, and that it therefore becomes unnecessary to consider the instruction objected to.

It has been announced as the law in this state, governing such cases, that the statute of limitations here only affects the remedy, and does not extinguish the right. (*Meyer* v. *Beal*, 5 Oregon, 130.)

Notwithstanding the great diversity of opinion upon the question of the effect of the statute of limitations, which appears in the numerous authorities upon the subject, we are entirely satisfied to adhere to the doctrine of that decision. It is certainly a sound construction of our statute, based upon the obvious intention of the legislature that enacted it. Under other provisions of the civil code, adopted at the same time, a defense under that statute must be taken advantage of by demurrer or answer, or it is waived. (Secs. 66, 69 and 70.) The following authorities also support this view: *Townsend* v. *Jemison*, 9 Howard, U. S., 415; 1 Parsons on Contracts, 99 and 100; Story's Conflict of Laws, secs. 576, 5 *La rouche* v. *Savetier*, 3 John. Ch., 218, 221; *Lincoln* v. *Battelle*, 6 Wend., 485.

The bar of the statute of limitations in this state could not be plead as a defense to an action for the possession of the property in Washington Territory, where we must, in the absence of allegation and proof to the contrary, presume the common law rule to prevail. (*Cressey* v. *Tatum, et al.*, decided at the present term; 3 Parsons on Contracts, 361; Angell on Limitations, secs. 14, 17, 20 and 21, and appendix, page 3, 5th edition.)

Respondent was wholly justifiable in surrendering up the possession to the holder of the legal right and title to the property, under such circumstances, as he had no defense, and he thereupon became entitled to bring his action for damage

on the warranty.    The judgment of the circuit court is affirmed.

Judgment affirmed.