## OSBORNE v. ALTSCHUL.

(Circuit Court of Appeals, Ninth Circuit.  February 6, 1899.)

### No. 465.

TRIAL—POWER OF FEDERAL COURT TO AMEND VERDICT.

A federal court has the power, under Rev. St. § 954, which enjoins upon it the duty to disregard nicety of form, and to give judgment according as the right of the cause and matter in law shall appear to it, to amend a general verdict for plaintiff, in an action in ejectment, to conform to the requirements of a state statute, by inserting therein a finding that plaintiff is entitled to possession of the land in suit, and of the nature and duration of his estate therein, where, by a reference of the verdict to the issues litigated, it is plain that it can have but one meaning as to such matters.

In Error to the Circuit Court of the United States for the District of Oregon.

W. R. King, F. M. Saxton, and S. T. Jeffreys, for plaintiff in error.
Williams, Wood & Linthicum and T. C. Dutro, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. The defendant in error, Charles Altschul, brought an action of ejectment against the plaintiff in error, J. D. Osborne, alleging in his complaint that he was the owner in fee simple of the N. ½ of section 1, in township 19 S., range 43 E., in Malheur county, Or., containing 320 acres, and was entitled to the immediate possession thereof, and that the plaintiff in error was wrongfully in the possession and wrongfully withheld the same, to his damage in the sum of $3,500. The defendant in the action answered, denying each of the allegations of the complaint, disclaimed possession, right, or interest to 160 acres of the premises described, but alleged that he was in the possession of, and was the owner of, the remaining 160 acres. He also set up the defense of the statute of limitations. On the trial the plaintiff waived his demand for damages, leaving as the only question to be determined his alleged title and right of possession in the 160 acres which the defendant claimed to own. Upon the issues so narrowed, the case was tried and submitted to the jury. Under the direction of the court, the jury brought in a sealed verdict. The verdict was as follows: "We, the duly impaneled jury in the above-entitled action, find a verdict for the plaintiff." After the jury were discharged, the court, upon motion of the defendant in error, amended the verdict to comply with the requirements of the statute of Oregon (Hill's Ann. Laws, § 320), which provides as follows:

"A verdict of a jury in an action of ejectment shall be as follows: If the verdict be for the plaintiff, that he is entitled to the possession of the property described in the complaint, or some part thereof, or some undivided share or interest in either, and the nature and duration of his estate in such property, part thereof, or undivided share or interest in either, as the case may be."

The plaintiff in error contends that the verdict was fatally defective, for the reason that it did not comply with the statute above quoted, and that the court had not the power to so amend it as to supply its defects. Statutes similar to that of Oregon are found in some of the other states. In Florida, Illinois, Tennessee, and West Virginia, it is held that the omission from the verdict of the jury of the findings which the statute declares essential is a fatal defect. Lungren v. Brownlie, 22 Fla. 491; Van Fossen v. Pearson, 4 Sneed, 362; Long v. Linn, 71 Ill. 152; Low v. Settle, 22 W. Va. 387. In Illinois, it has been decided that the trial court has not the power, after the jury is discharged, to amend the verdict, and to insert the findings which the jury ought to have embodied therein. In Virginia and in Wisconsin, it is held that such an omission does not invalidate the verdict, if the court can see from the verdict, and from the issues presented, that the jury have found

all the facts which the verdict is required to contain, and can enter a correct judgment thereupon. Hawley v. Twyman, 24 Grat. 516; Allard v. Lamirande, 29 Wis. 502. It has been held, also, that the failure to express in a verdict for the plaintiff the nature or the duration of the plaintiff's estate is matter of which he alone can complain, and that it does not affect the substantial rights of the defendant. Allard v. Lamirande, 29 Wis. 502; Elliott v. Sutor, 3 W. Va. 37. In the absence of a statute prescribing the form of the verdict, it appears to be uniformly held that a general verdict for the plaintiff is sufficient. Such a verdict is referred to the issues, and, where so referred, it becomes certain and specific. 7 Enc. Pl. & Prac. 344; Betz v. Mullen, 62 Ala. 365; Ewing v. Alcorn, 40 Pa. St. 492; Kirshner v. Kirshner's Lessee, 36 Md. 309; Hutton v. Reed, 25 Cal. 479. In the present case there can be no doubt that the jury passed upon all the issues which the cause presented, and found the same in favor of the plaintiff. The verdict can have but one meaning, and that is that the jury found the title to be in fee simple in the plaintiff, and that he was entitled to the immediate possession of the premises. In other words, it can be seen that the jury has passed upon every question which the statute of Oregon declares shall be determined by the verdict, and has found the facts to be as they are alleged in the complaint and as they are stated in the amended verdict. It is not contended that in the course of the trial any question arose concerning the duration of the plaintiff's interest in the real estate. If he had any interest whatever, it could be none other than that of owner in fee simple. No evidence was offered of any less interest or estate, or claim of interest, upon his part. The amendment of the verdict, therefore, was but an amendment in form. The question of the power of the court to order such an amendment is not, as it is contended by the plaintiff in error, ruled by the statutes of Oregon or by the decisions of the courts of that state, but by reference to the powers conferred upon the trial court by the provisions of section 954 of the Revised Statutes. In construing that section, in Parks v. Turner, 12 How. 39, the court said:

"This is a remedial statute, and must be construed liberally to accomplish its object. It not only enables the courts of the United States, but it enjoins upon them as a duty, to disregard the niceties of form, which often stand in the way of justice, and to give judgment according as the right of the cause and matter in law shall appear to them. And, although verdicts are not specially mentioned in this provision, yet the words, 'or course of proceedings whatever,' are evidently broad enough to include them; and, as they are within the evil, they cannot, upon a fair interpretation of the statute, be excluded from the remedy."

The construction given to the statute in the case just cited, and in other decisions of the courts of the United States, is sufficiently liberal to include the amendment which was made in the case at bar. Matheson's Adm'r v. Grant's Adm'r, 2 How. 279; Stockton v. Bishop, 4 How. 155; Lincoln v. Iron Co., 103 U. S. 412; Koon v. Insurance Co., 104 U. S. 106; Gay v. Joplin, 13 Fed. 650; Swofford Bros. Dry-Goods Co. v. Smith-McCord Dry-Goods Co., 29 C. C. A. 239, 85 Fed. 417.

It is urged that an element of uncertainty as to the meaning of the verdict arises from the fact that the defendant in his answer disclaimed

title to, and possession of, 160 acres of the 320 which were the subject of the action, and the further fact that in his reply the plaintiff conjunctively denied the defendant's averment that the latter held the remaining 160 acres under color of title and claim of ownership. To this it is sufficient to say that it is apparent from the record that the denial in the reply was intended as a denial of both color of title and claim of ownership by the defendant. That the court entered judgment for the plaintiff in the face of admissions in his reply is not assigned as error, and the contention that it did so is a matter with which we have nothing to do. Nor does an element of uncertainty intervene from the fact that the defendant disclaimed a portion of the land sued for. The premises which were in controversy in the action were the 160 acres of which the defendant held the possession and of which he claimed to be the owner. The plaintiff asserted title thereto in fee simple, under a grant from the United States. The defendant claimed under the homestead laws of the United States and by virtue of possession for a period sufficient to bar the action. If the judgment embraced lands of which the defendant disclaimed the possession and title, he is not affected thereby, nor does confusion arise therefrom as to what was the subject of the controversy. The judgment of the circuit court will be affirmed.