Argued February 24, decided March 30, 1909.

## YOUNG *v.* YOUNG.

[100 Pac. 656.]

STATUTES—PLEADING—NECESSITY.

Whether a part of the property brought to this State from Washington by a husband was community property under the laws of Washington, cannot be determined in a divorce proceeding by the husband, where the Washington statute was not pleaded and no issue was tendered on the question.

From Douglas: JAMES W. HAMILTON, Judge.

This is a suit by George W. Young against Marie D. Young for divorce. From a decree in favor of plaintiff, defendant appeals.                          AFFIRMED.

For appellant there was a brief over the names of *Messrs. Kerr & McCord, Mr. Warren E. Thomas* and *Mr. Thomas G. Hailey,* with an oral argument by *Mr. H. S. Montgomery.*

For respondent there was a brief over the names of *Messrs. Coshow & Rice,* with an oral argument by *Mr. Oliver P. Coshow.*

PER CURIAM: This is an appeal from a decree awarding plaintiff a divorce. The parties were married in July, 1900, and resided in Seattle from that time until August, 1905, when they moved to Roseburg, in this State, where they continued to reside until April, 1906, at which time defendant returned to the State of Washington, where she has since resided. In February, 1907, plaintiff commenced this suit. In his complaint he alleges that soon after the marriage defendant commenced a course of cruel and inhuman treatment and personal indignities toward him, rendering life miserable, and, among other things, without reason or cause, accused him of marital infidelity and of the crime of adultery committed with numerous and divers women; that after their removal to Roseburg she repeatedly and persistently continued such conduct and repeated such accusations. The

answer admits that the defendant accused plaintiff of improper conduct with numerous and divers women, but denies that at any time she accused him of the crime of adultery; and for a further defense it is alleged that plaintiff is a man of strong passion and polygamous by nature and habit, and that on various occasions, while they were living in Seattle, plaintiff would absent himself from home, and defendant is informed and believes, and therefore alleges, that at such times he was in the company of other women. Upon the testimony the court below found the allegations of the complaint to be true, and that for two or three years, immediately preceding their separation, defendant regarded plaintiff with jealousy and suspicion, and almost continuously charged him with marital infidelity, implicating various ladies who were their neighbors at the different places of residence, and such accusations were false. A decree of divorce was consequently rendered in favor of plaintiff, and defendant appeals.

There are several hundred pages of testimony. It is not necessary to recapitulate it. It is sufficient that from an examination thereof we are satisfied with the findings of the court below. The evidence shows that within a few days after the marriage defendant became jealous and suspicious of plaintiff, and from that time until their separation repeatedly and persistently accused him of improper conduct with divers and sundry women, and that such accusations were unfounded and not justified by the facts. Soon after their removal to Roseburg defendant seems to have become insanely jealous of two or three women residing in that city, and repeatedly accused plaintiff of improper conduct with them, although, as a matter of fact, he had nothing more than a passing acquaintance with them, and had no relations with them at all, except, perhaps, in purchasing some stamps or supplies at the postoffice, where one of the young ladies

worked. Defendant repeatedly accosted these ladies on the street, making slighting and contemptuous remarks to and about them, and her conduct became so annoying that one of the young ladies was afraid to go on the street without an escort. This conduct she continued until the father of one of the women felt constrained to interfere and threatened to have defendant arrested on account thereof. Defendant practically admits these charges in her testimony, but insists she never at any time accused plaintiff of marital infidelity; but such is the only natural inference that can be drawn from her statements and conduct, and we think the allegations of the complaint in this respect are abundantly sustained by the testimony.

It appears from the record that the plaintiff is the owner of considerable property, which he brought from the State of Washington to Roseburg. It is claimed by defendant that a part of this was, under the laws of the State of Washington, community property, and the court in this proceeding ought to ascertain and determine the rights of the respective parties thereto. But, assuming that we would have authority to do so in a proper case, we are precluded from considering the question from the fact that the statute of the State of Washington is not pleaded, and no issue is tendered upon the question suggested. *Cressey* v. *Tatom*, 9 Or. 541; *Goodwin* v. *Mooris*, 9 Or. 322; *Scott* v. *Ford*, 52 Or. 288 (97 Pac. 99). The decree, however, will be so framed as not to be a bar to any future action or proceeding defendant may desire to institute to determine the question of property rights.

Decree is affirmed.                    AFFIRMED.