Argued July 14, affirmed July 29, rehearing denied September 26, 1922.

## CALKINS v. LANE COUNTY ET AL.

(208 Pac. 744.)

**Highways—Money Appropriated to County for "Market Roads" may not be Used on "State Highway" Within County—"County Highway."**

1.   Under Laws of 1915, page 818, Section 1 (now Section 4680, Or. L.), providing for a state levy of taxes to be included in the state highway fund and to be appropriated therefrom, known as the "state market road appropriation" to be apportioned by the state highway commission under Section 4681, to each county in an amount equal to its contribution thereto, and Section 4682, placing such "market roads" under exclusive supervision and control of the respective county courts which, by Section 4683, shall provide for the levy of such road construction of an amount equal to that apportioned to their counties, and Laws of 1917, page 447 (now Section 4422 et seq., Or. L.), repealing Laws of 1913, page 663, and creating the present commission, with authority to construct state highways, and Laws of 1917, page 897 (now Section 4474 et seq., Or. L.), authorizing the sale of bonds for that purpose, and Laws of 1917, page 455, Section 10 (now Section 4441, Or. L.), declaring state highways under the control of the state highway commission, and county roads under that of the County Courts, and Laws of 1921, page 707, Section 1, defining the term "county highway" as every highway which is not a state highway, "state highway" being therein defined as any road or highway designated as such by the commission or by law, and in view of Constitution, Article IX, Section 3, ordaining that every law imposing a tax shall distinctly state its object and the tax be applied only thereto, and the rule that money raised by taxation and placed in the special fund cannot be used for any other purpose, "market road" money appropriated to a county may not be expended on a state highway within such county.

From Lane: GEORGE F. SKIPWORTH, Judge.

In Banc.

This suit involves the construction of Chapter XVII, Title XXX, Or. L., known as a Market Road Act. The trial court rendered a decree in favor of plaintiff, and the defendants appeal.

In 1913, there was enacted in this state a law by which a highway commission was created consisting of the Governor, Secretary of State and State Treasurer. Provision was made for the raising of a small amount of revenue to be used by this commission in the construction of state highways. In 1917, this act was repealed, and the legislature enacted Chapter 237, Laws of 1917, which is now Chapter I, Title XXX, Or. L., creating the present highway commission clothed with authority to construct a system of state highways and given general supervision of all matters pertaining to the construction of such highways. At that session of the legislature a companion bill, now Chapter IV, Title XXX, Or. L., was enacted authorizing the sale of bonds for the construction of state highways in the sum of $6,000,000. There was also designated by the legislature in the act a system of state highways the commission was authorized to improve, and which system of highways, including the Pacific Highway through Lane County, was designated as roads of primary importance to be "permanently constructed and finished with hard surface." In 1919, the legislature passed and referred to the people for approval or rejection at a special election held June 3, 1919, the bill which constitutes Chapter XVII, Title XXX, Or. L. The measure was duly adopted by the electors of the state. This act is now in question. It provides in substance (Section 4680, Or. L.) that there shall be included in the state levy

of taxes each year such an amount as may be produced by a levy of one mill on the dollar of the total valuation of the taxable property of the state. Such amount shall be apportioned, collected and paid in the same manner as other state taxes "and shall become a part of the state highway fund of the state and shall constitute an appropriation therefrom, subject to disposal and distribution by the 'state highway commission' in like manner as other state highway funds in carrying out the provisions of this act." The amount so levied and appropriated shall be known as the "state market road appropriation," and any part or balance thereof which may be unexpended in any year shall be carried over as a continu· ing appropriation for the purpose of the act.

Section 4681, Or. L., directs that as far as practicable the state highway commission shall actually apportion the appropriation provided for under the act between the several counties in such amounts that each county shall receive an amount at least equal to its contribution to the appropriation herein provided for, except that no county shall receive in excess of 10 per cent of the total amount raised hereunder in any year. Should any county fail or neglect to accept the provisions of the act, the amount apportioned thereto, together with any surplus resulting from the contribution from any county shall, as far as practicable, be redistributed by the state highway commission among the counties accepting and operating under the provision of the act, in proportion to the amounts contributed to such fund by the various counties; provided no county shall receive in excess of 10 per cent of the total amount raised in any one year.

Section 4682 reads: "The market roads herein provided for shall be constructed only under the supervi-

105 Or.—9

sion and control of the County Courts of the respective counties"; provided, that it shall be the duty of any County Court accepting the provisions of this act to request the state highway commission to furnish plans and specifications for the construction of any proposed market road, or roads, in such county, and to supervise and survey and establish the grades therefor; and that the commission shall furnish such plans and supervise the survey and establish the grades therefor, the expenses to be paid out of the fund therein created.

We quote from Section 4683, Or. L.:

"The County Court of any county desiring to avail itself of the provisions and benefits of this act in any year, shall provide by uniform levy on all the taxable property of the county, for the specific purpose of market road construction, such an amount as may equal the amount apportioned to said county by the state highway commission under this act."

The County Court of Lane County made provision for expending $23,000 of the market road money apportioned to that county in the construction of a bridge on the Pacific Highway near Cottage Grove in Lane County, hence this suit.

AFFIRMED.    REHEARING DENIED.

For appellants there was a brief over the names of *Mr. I. H. Van Winkle*, Attorney General, *Mr. J. M. Devers*, Assistant Attorney General, and *Mr. C. N. Johnson*, District Attorney, with an oral argument by *Mr. Devers*.

For respondent there was a brief and oral argument by *Mr. Charles A. Hardy*.

BEAN, J.—There is but one question involved in this controversy, and that is: Are state highways in-

cluded within the term "market roads" as that term is employed by the lawmakers in the act in question, or must the "state market road appropriation" be expended under the supervision of the County Court upon roads other than the state highways? It is clear from the language of Section 4680 that the taxes levied pursuant thereto are paid to the state for the purpose of distribution by the highway commission, in order to compel any county participating in the fund to raise an amount equal to that so apportioned. In other words, this section refers to the manner of such distribution and provides that the amount "shall constitute an appropriation therefrom," that is, from the highway fund. When the fund is so distributed the duty of the highway commission as to the "state market road appropriation" is at an·end except as to plans and surveys.

Before the creation of a highway commission the public thoroughfares of this state, aside from the streets of incorporated cities or towns, were under the jurisdiction and control of the county courts. The lawmakers have delegated to the state highway commission the duty of constructing and maintaining the state highways as contradistinguished from county roads. The line of demarcation between state highways and county roads is plainly indicated in this state: *Rockhill* v. *Benson,* 97 Or. 176 (191 Pac. 176); *Sears* v. *Steel,* 55 Or. 544, 554 (107 Pac. 3). Market roads belong to the class of county roads which are under the control of the County Court: Section 10, Chapter 237, General Laws of Oregon, 1917.

"The term 'state highway' shall be taken and deemed to mean any road or highway designated as such by the state highway commission or by law.

"The term 'county highway' shall mean every highway which is not a state highway as in this act defined." Laws of 1921, Chap. 371, p. 707.

The state highways upon which the state contributes not less than 25 per cent of the cost are under the control of the state highway commission. County roads are under the control of the County Courts: Section 4441, Or. L.

The act in question directs that the market roads provided for shall be constructed *only* under the supervision and control of the County Court of the respective counties. It does not appear from the statute that this language was used for the purpose of conferring special jurisdiction upon the County Courts, but rather as a description of the roads upon which the money to be raised under the act should be expended. For convenience, and in order to distinguish such thoroughfares from state highways, they are termed market roads. Liberal provision had been made for the construction of state highways. A vast number of people of the state were residing at a distance from such highways designated as the roads of primary importance first to be constructed as main or trunk lines. The several counties were doing the work of grading and preparing for hard surfacing of the state highways. The act in question appears to have been passed for the purpose of balancing up the proposition, and enlisting the hearty support of the people living at a distance from the state highways, by the construction of market roads or feeders to the state highways. For this reason they placed the supervision and control of the construction of market roads exclusively in the power of the County Courts of the respective counties, in order to insure local improvement of highways as might be demanded by

the people of a county acting through their county officials. To provide for the distribution of the market road funds by the state highway commission to the various counties, and then have the moneys turned back and expended on the state highways, is to render a vital portion of the act nugatory. The money so raised should be expended according to the mandate of the statute. The disbursement of such funds in the construction of state highways under the control and jurisdiction of the state highway commission to the depletion of the market road fund is not a compliance with the statute. It is doubtful if the act in question would ever have been adopted by the people of the state if such an expenditure had been contemplated by the electors.

It is a well-established rule in this state that money raised by taxation and placed in a special fund cannot be used for any other purposes: *Northup* v. *Hoyt,* 31 Or. 524 (49 Pac. 754); *Bowers* v. *Neil,* 64 Or. 104, 112 (129 Pac. 433). The Constitution ordains that every law imposing a tax shall state distinctly the object of the same, to which only it shall be applied: Const., Or., Art. IX, § 3.

The state highway commission has no authority over the construction of market roads, except that the commission is required to furnish plans and specifications therefor upon the request of the county. It does not change the matter that the County Court of Lane County has by resolution designated a portion of the Pacific Highway as a market road. This does not authorize the county to construct the same out of the market road fund. The Pacific Highway is established by law. The market road fund is established for a specific purpose, and the money cannot be used for any other purpose than that provided by the stat-

ute: 36 Cyc. 1106; *Scott* v. *Ford*, 52 Or. 288, 296 (97 Pac. 99); *Bowers* v. *Neil*, 64 Or. 104 (128 Pac. 433). We think the law in question is a plain expression of the will of the lawmakers of the state. There is little necessity for construing the act.

It follows that the decree of the lower court is affirmed.        AFFIRMED. REHEARING DENIED.