Submitted on briefs September 25, reversed October 17, 1951

# IN THE MATTER OF THE ESTATE OF
## ALICE McCOY, Deceased

# STATE LAND BOARD *v.* McCOY et al.

### 236 P. 2d 311

[1]

*George Neuner,* Attorney General, and *Cecil H. Quesseth,* Assistant Attorney General, both of Salem, for appellant.

*James J. Rossie* and *Leonard Meldman,* both of Detroit, Michigan, and *Richard Pickell,* of Salem, for respondents.

LATOURETTE, J.

The appeal involves the construction of the will of Alice McCoy, deceased, and particularly the eleventh paragraph, which follows:

> "All the rest, residue, and remainder of my estate, real and personal, of whatever kind, form, or description, I give, devise and bequeath to Frank McCoy, Charles McCoy, and John McCoy, in equal division, share and share alike."

The three residuary legatees were the brothers-in-law of testatrix, being brothers of the deceased husband of testatrix.

Frank McCoy predeceased testatrix, the latter leaving no heirs at law. It is the contention of the two remaining residuary legatees, Charles McCoy and John McCoy, that the share of Frank McCoy under the will devolved upon them, while it is the contention of the state of Oregon that upon the death of Frank McCoy his legacy under the will lapsed, and, since testatrix left no heirs, the lapsed share became vested in the state of Oregon as an escheat. In addition to the residuary clause, the will made eight specific bequests to friends and charitable institutions, including one of $1,000 to Frank McCoy, one of the residuary legatees.

The trial court, in a written opinion, held that, " * * * the share of the residue of the estate in favor of John McCoy did not lapse and the surviving brothers named therein are entitled to the same, share and share alike." The state appealed.

The trial court based its opinion on the case of *Corbett v. Skaggs*, 111 Kan. 380, 207 P. 819, 28 A.L.R. 1230, which reflects the minority view on the subject. In its opinion, it does not refer to, and evidently was not apprised of, *Kaser v. Kaser*, 68 Or. 153, 137 P. 187, which is decisive of the case and contrary to the holding of the trial court. Respondents, in their brief, state, "WE RESPECTFULLY CALL TO THE COURT'S ATTENTION THAT THIS IS A MATTER OF FIRST IMPRESSION IN OREGON," and, in referring to the Kaser case, supra, say, "A cursory examination shows that the gift was *not* of the residue, but the lapse of a specific gift and there being no residuum it descended as intestate property." Respond-

4

ents' counsel indeed made a cursory examination of the Kaser case, for, had they read it carefully, they would have found that the gift in that case *was of the residue* and much in point.

In the Kaser case, we find that the testator devised and bequeathed all of his property to his wife for the term of her natural life, and, upon her death, to his seven children, "share and share alike." The will further provided that in the event any of his children should die, leaving lawful issue, such issue should take the share left to their parents, " 'provided, however, that if any of my children should marry and die leaving husband of [or] wife surviving but no issue, it is my will that such surviving husband or wife of my child or children, as the case may be, take nothing by this will.' "

In that case, Clarence Kaser died prior to the death of his mother, but after the death of his father, the testator, leaving no lawful issue but leaving a wife surviving him. We held that since there was no present gift to the seven children there was no vesting of title until the death of the widow, and since Clarence Kaser died prior to the vesting of the title in him of the one-seventh interest, and, since he left no issue, his legacy lapsed; that his father, the testator, died intestate as to such one-seventh interest, and that this interest devolved according to the law of intestacy. We said at p. 159:

"* * * A testamentary disposition of personal property to several colegatees, naming them, is not a gift to a class, and does not create survivorship, so that the share of a legatee dying before the time of distribution will go to those that live after such death, unless survivorship is distinctly expressed

by the terms of the will, or is clearly implied therefrom: 40 Cyc. 1507." See *In re Buell's Estate,* 167 Or. 295, 298, 117 P. 2d 832, and *Scott v. Ford,* 52 Or. 288, 97 P. 99.

And again, on pp. 160-161, we said:

" * * * 'When the disposition of an aliquot part of the residue itself,' says a noted author, 'fails from any cause, that part will not go in augmentation of the remaining parts, as a residue of residue, but will devolve as undisposed of': 1 Jarman, Wills (6th ed.), 719."

In the present case, the residuary clause gives the residue to the three McCoys "in equal division, share and share alike", with no survivorship clause expressed, nor is there anything in the will implying survivorship.

In *Miller v. Smith,* 179 Or. 214, 170 P. 2d 583, we held that where testatrix left the residue of her estate to certain heirs at law " 'equally—share and share alike,' " the said heirs took *per capita* and not *per stirpes.* We also held in that case that in construing a will the intention of the testator controls, but that such intention must be gained from the legal meaning of the words used.

■ It is universally held that where there is a gift to a class, in the absence of language indicating a contrary intent, upon the death during the lifetime of testator of one of the class members, his share will accrue in augmentation of the remaining parts, i.e., to the survivors. 57 Am. Jur., Wills, 957, § 1426.

Respondents, in their brief, do not construe the residuary clause as creating a class gift as shown by the following language: "It should be made clear at this point that the respondents have never urged that

a class gift was made." They do say that, "* * * from the construction of the will it was the intent of the testatrix to pass the residue of her estate to the named residuary legatees or the survivors of either of them." If the residuary clause be not construed as a gift to a class, we fail to find anything in the will suggesting intent to pass the residue of her estate to the two survivors of Frank McCoy. Outside of the residuary clause, as hereinbefore pointed out, the testatrix made eight outright specific requests; beyond this, there is nothing. Where then is there any evidence contained in the will of an intent that the residuary survivors should take all?

 Respondents urge that there is a presumption that a testator intends to convey his entire estate and not to die intestate as to any portion thereof. This is undoubtedly the rule, but such presumption can have no effect unless there is something contained in the will indicating an intent to create a survivorship. When a will contains language by which there can be gained an implication that survivorship should apply, then, of course, the presumption alluded to strengthens the implication. See 57 Am. Jur., 756, § 1159.

The overwhelming weight of authority sustains the lapsed legacy rule which we have embraced, but we are not unmindful that such rule has been criticized by various courts, text writers and law reviews. It is said in 57 Am. Jur., Wills, 977, § 1453:

"It is, of course, clear that if a residuary gift to a single beneficiary lapses or becomes ineffective, the subject matter thereof will pass to the testator's heirs as intestate property, and in most cases under a residuary gift to several persons nominatim, or in common, and not as a class, a lapsed portion of the residuary devise or legacy does not, in the

absence of statute, inure to the benefit of the other residuary devisees or legatees, unless the intention of the testator to that effect clearly appears; instead, such lapsed portion of the residuary estate is removed from the operation of the residuary clause and becomes intestate estate, passing to the heirs or distributees. Although this rule has been consistently applied where the necessary conditions were present, there has been but little discussion of it in the cases, and only brief suggestions of the reasons underlying it have been given by the courts. The principle has evoked considerable dissatisfaction, even among those courts which recognize and follow it, and in a few jurisdictions it has been changed by statute. Some courts, in the absence of any statutory change, have refused to accept the rule and, instead, have adopted the view that in the circumstances outlined, the lapsed portion of the residuary gift must be held to pass to the surviving residuary donees.''

We are urged by respondents to follow the minority rule, as did the trial court, by adopting the view advanced by the Kansas court in *Corbett v. Skaggs,* supra, it being urged that ''The English rule is illogical and produces intolerable results.'' We cannot accede to respondents' view because, at the threshold, we are confronted by *stare decisis,* and, in addition, we feel that the common law rule is a salutary rule for this reason: the legislature has enacted legislation with reference to the devolution of property upon the demise of a decedent; however, this may be avoided by express terms of a will or by implication where the clear intention of the testator is deducible therefrom, and, if the will does not expressly or clearly imply that there should be a survivorship, then logically the property descends as the legislature has willed it, so that where we are confronted with a will such as we have

in the case at bar in which there is no express or implied provision of survivorship, the law of devolution necessarily must apply. If those making wills do not intend a lapsed legacy, the scrivener thereof, by appropriate language, can prevent such a lapse, or if the legislature desires to obviate a lapse, it is within its power to so legislate.

■ Since testatrix died intestate as to the one-third bequeathed to Frank McCoy and left no heirs, the state of Oregon is entitled to one-third of the residuum of the estate. See *State v. Sunbeam Rebekah Lodge,* 169 Or. 253, 127 P. 2d 726. Reversed.