*270
 
 Mr. Justice DAVIS
 

 delivered the opinion of the court.
 

 The only way in which the property of this company could be reached for taxation at all was after the limitation of the fifteen years had expired. The legislature was then at liberty to tax the individual shares of the stockholders, whenever their annual profits exceeded 8 per cent. When a statute limits a thing
 
 to
 
 be done in a particular mode, it includes a negative of any other mode. It was the manifest object of the legislation which incorporated this company to invite the investment of capital in the enterprise of building this road; and no means better adapted for the purpose could have been devised, short of total immunity from taxation. As long as the capital was unproductive it contributed nothing to the support of the government, and even after it became remunerative, its contribution was fixed by the terms of the charter, and could not, in any event, exceed twenty-five cents on the share of stock. The impolicy of this legislation is apparent, but there is no relief to the State, for the rights secured by the contract are protected from invasion by the Constitution of the United States.
 

 As the pleadings show that the annual profits on the shares of stock have never reached 8 per cent., it follows that they were not subject to any public charge or tax.
 

 Judgment reversed, and the cause remanded for further proceedings,
 

 In conformity with this opinion.