GEORGE P. SACKS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 46225.   Promulgated May 18, 1931.

*J. B. Grice, Esq.*, for the petitioner.
*C. H. Curl, Esq.*, for the respondent.

OPINION.

STERNHAGEN : The respondent determined a deficiency of $1,025.72 in petitioner's income tax for 1927. The only adjustment assailed by the petitioner is the disallowance of an item of $6,094.27 deducted as a loss. The facts are stipulated as follows:

STIPULATION OF FACT.

1. The controversy relates only to the allowability or nonallowability of the item dealt with below; and except with respect to that, the income and tax as shown in the 60-day letter is correct.

2. The petitioner, George P. Sacks, and his wife, Mrs. Ida L. Sacks, filed joint income tax returns for the calendar years 1923 and 1927.

3. During the year 1923, petitioner's wife sold 1,000 shares of Chapin-Sacks 7% preferred stock, 423 shares of Chapin-Sacks Class A common stock and 266⅔ shares of Carry Ice Cream Company stock, all for a total consideration of $126,604.23, to be paid over a period of years beginning in 1924. The total sales price of $126,604.23 was liquidated by payments to the petitioner's wife of $51,604.23 in 1924 and $25,000 in each of the years 1925, 1926 and 1927.

4. This stock was given to the petitioner's wife by him prior to December 31, 1920, and after March 1, 1913, and had a value at the date of gift of $157,466.67.

5. The taxpayers in filing their joint return for 1927, the year in controversy, deducted $6,094.27 as the aliquot part of said loss spread over the period of payment as on the installment plan.

6. The Commissioner has disallowed the deduction of $6,094.27 for 1927 on the theory that the sale was a closed transaction in 1923 and that there is no provision in law for the spreading of a loss on the sale of property on the installment plan over a period covered by the payments.

The petitioner urges that the transaction is within section 212(d), Revenue Act of 1926, and that that section permits the spreading of an installment loss as well as of a profit.

The stipulated facts leave it doubtful whether the transaction was in any event within section 212(d). But aside from that, there is no reason to read the statute as applying the installment method to such a loss. As to a regular installment dealer, the installment method is expressly applied to profits. As to casual transactions, the word "income" is used. Both, in our opinion, exclude the spreading of a loss. This has been the Commissioner's ruling since before 1925. I. T. 2063, C. B. III–2, p. 108. The statute imports the Commissioner's regulations as to installment sales, and these do not provide for spreading such a loss.

*Judgment will be entered for the respondent.*