DARWIN D. MARTIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 44776, 50946. Promulgated October 29, 1931.

*Frank J. McGuire, Esq.*, and *William H. Watson, Esq.*, for the petitioner.

*J. E. Marshall, Esq.*, for the respondent.

McMAHON: The parties are in agreement that the petitioner sustained a loss in the amount of $263,328 as a result of the sale by him in 1925 of his stock in the Larkin Company, Inc., of Buffalo, N. Y., for $1,670,000. The only question presented for decision is when petitioner may deduct the loss.

The applicable statutes are sections 214 (a) (5), 202 (a) (c) (d) (e), 203 (a), 204 (b) and 212 (d) of the Revenue Act of 1926.

The respondent has held that the entire loss was sustained by the petitioner in 1925. The petitioner contends that under the provisions of section 212, *supra*, he is entitled to take a proportionate part of the loss during each of the years of the period over which the notes were paid. It is the position of the respondent that section 212 (d) refers only to the return of income upon transactions in which gain is derived. Petitioner contends that section 212 (d) is not limited to such cases, but that the term "income" as used therein comprehends likewise a "minus" item or a "negative quantity" as well as a "positive quantity" or "plus" item. To support such contention, petitioner argues that in the ordinary case where a taxpayer's deductions exceed his gross income, the return which petitioner is required to make of such resulting negative quantity is nevertheless a return of "income," just as a return of a resulting positive figure would be a return of income.

Whether or not the argument of the petitioner as to the ordinary case is correct, it is our opinion that it is not determinative of the question here presented. Section 212 (d) of the Revenue Act of 1926 makes no reference to a return of losses upon the installment basis. Furthermore, other sections of the Revenue Act of 1926, which we have set forth above, do embrace such a situation as is herein presented and provide for the deduction of such a loss in the year in which the transaction occurred. As stated in *Botany Worsted Mills* v. *United States*, 278 U. S. 282, "When a statute limits a thing to be done in a particular mode, it includes the negative of any other mode. *Raleigh, etc. R. R. Co.* v. *Reid*, 13 Wall. 269, 270; *Scott* v. *Ford*, 52 Ore. 288, 296."

The Supreme Court has also stated in *Gardner* v. *Collins*, 2 Pet. 58, 92, "What the legislative intention was, can be derived only from the words they have used; and we can not speculate beyond the reasonable import of these words."

The same question was presented for consideration in *George P. Sacks*, 23 B. T. A. 307, wherein we stated:

The stipulated facts leave it doubtful whether the transaction was in any event within section 212 (d). But aside from that, there is no reason to read

the statute as applying the installment method to such a loss. As to a regular installment dealer, the installment method is expressly applied to profits. As to casual transactions, the word "income" is used. Both, in our opinion, exclude the spreading of a loss. This has been the Commissioner's ruling since before 1925. I. T. 2063, C. B. III–2, p. 108. The statute imports the Commissioner's regulations as to installment sales, and these do not provide for spreading such a loss.

We hold that the petitioner is not entitled to any deductions in the years 1926 and 1927 on account of the loss sustained upon the sale of the stock in question.

Reviewed by the Board.

*Judgment will be entered for the respondent.*