*Decisions will be entered under Rule 50.*

ELMER M. MELAHN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9050. Promulgated October 28, 1947.

*Max Bloomstein, Jr., Esq., G. H. Hennessey, Jr., Esq.,* and *Hugh N. Smith, C. P. A.,* for the petitioner.

*David F. Long, Esq.,* for the respondent.

OPINION.

HARLAN, *Judge*: The Commissioner, in determining petitioner's depreciation deductions for 1940 and 1941, disregarded petitioner's contention that he had reduced the depreciation deductions shown by his returns for 1930 to 1932, inclusive, and the Commissioner also refused to recognize the amended returns for the years 1933 to 1939, inclusive, whereby a further reduction of allowed depreciation deductions taken during those years was also attempted. In computing the allowable deductions for depreciation for the years 1940 and 1941 all deductions originally allowed to the petitioner were totaled by the Commissioner and the sum thereof subtracted from the cost of each item. When the allowed deductions exceeded the cost, the Commissioner allowed no further depreciation in 1940 and 1941. He did allow, however, depreciation on those items not fully depreciated as of January 1, 1940, depending upon the amount of the unexhausted cost in each case and the anticipated period of usefulness beyond January 1, 1940.

The only objection raised by petitioner to this procedure is as to the disregarding of his two attempts to reduce his prior depreciation deductions. It is our conclusion that the Commissioner acted correctly in each instance.

Petitioner's attempt in 1933 to reduce prior depreciation deductions for three loss years is in direct conflict with the holding of the United States Supreme Court in *Virginian Hotel Corporation* v. *Helvering*, 319 U. S. 523. In that case the taxpayer attempted to reduce prior depreciation deductions allowed in loss years to an amount which would have been properly allowable. The taxpayer by this means attempted to increase his unexhausted cost basis for future deductions. The Court held therein that after a depreciation deduction has been allowed it could not later be reduced merely because the taxpayer had not realized a tax benefit from the allowed deduction.

In the case at bar the taxpayer filed no application with the Commissioner to reduce his depreciation deductions for 1930, 1931, or 1932. He filed no amended returns for those years. He did not inform the Commissioner that he was attempting to make any change in his depreciation reserve. He merely filed his 1933 return showing prior depreciation deductions amounting to $64,808.21 for the years

1928 to 1932, inclusive, whereas his return for the year 1932 had showed prior deductions of $97,075.74 for the same period. He also debited his depreciation reserve account for $32,267.53. It is our conclusion that the taxpayer did not give the Commissioner or the agent sufficient notice of his attempted change in depreciation deductions for the years 1930, 1931, and 1932; that when the Commissioner approved the 1933, 1936, and 1937 returns he did not approve a change in prior depreciation deductions; and that such unauthorized change is prohibited by the law of the *Virginian Hotel Corporation* case, *supra*.

The second attempt to reduce prior depreciation deductions occurred in November 1943, when petitioner filed amended returns for all years from 1933 to 1939, inclusive, and in those returns reduced his claim for depreciation deductions in each year, thereby increasing his taxable income for those years. He then computed the increased tax, with interest to the date of payment, and sent a check for this amount with the amended returns. Petitioner stated in each amended return that the only change made was in prior depreciation allowance on road-paving machinery and equipment. As a matter of fact, however, he actually amended the depreciation originally claimed in all categories. He does not make it clear as to why the seasonal use of the paving equipment should occasion a changed depreciation allowance for his furniture and fixtures. Furthermore, his statement that he had made a change in the depreciation of his paving equipment due to the seasonal operation thereof is but a repetition of the same statement he made in his original 1934 return where he claimed that he was changing his rate of depreciation to 40 per cent of normal on this account. These two factors make the sincerity of his contention questionable.

Respondent denies the right of the taxpayer to file amended returns after the lapse of three years following the filing of the original return unless this period is extended by written agreement of the parties before the lapse of the three-year limitation. He relies on sections 275 (a) and 276 (b) of the Internal Revenue Code.[1] The petitioner contends that statutes of limitation are for the benefit of the debtor or, in this case, the taxpayer, and can be waived by the debtor or taxpayer as the case may be. In this case he contends that he waived the benefit

---

[1] SEC. 275. PERIOD OF LIMITATION UPON ASSESSMENT AND COLLECTION.

Except as provided in section 276.—

(a) GENERAL RULE.—The amount of income taxes imposed by this chapter shall be assessed within three years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period.

SEC. 276. SAME—EXCEPTIONS.

\* \* \* \* \* \* \*

(b) WAIVER.—Where before the expiration of the time prescribed in section 275 for the assessment of the tax, both the Commissioner and the taxpayer have consented in writing to its assessment after such time, the tax may be assessed at any time prior to the expiration of the period agreed upon. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon.

of the statute by filing his amended returns, which he says the taxpayer may do at any time, regardless of the provisions of section 276 (b).

We are therefore confronted with two questions: (1) Did the statute of limitations preclude the taxpayer, on November 25, 1943, from amending any of his returns filed prior to November 25, 1940? (2) If not, is the petitioner entitled to use the depreciation deduction set forth in his amended returns to increase his unexhausted cost as of January 1, 1940?

If petitioner's right to seek a reassessment of his income tax at any time after a return is filed by the simple process of filing an amended return is sustained, interesting problems may soon be presented to the Commissioner. Property holders who have depreciated their buildings at 3 per cent per annum for 33 years, may well conclude, in view of the increased building costs and the increased tax rates, that their properties may well be used for another 17 years and, of course, such taxpayers would then file amended returns for the last 33 years and reduce those rates of depreciation to 2 per cent. The very contemplation of such a possibility shows the wisdom of the Congress in providing that the waiver of the statute of limitations must be signed by the Commissioner before the expiration of the period of limitation. This provision was put into the statute by the Senate after the House had passed a bill permitting waivers to be filed after the period of limitation. The Senate Finance Report (No. 960, 70th Cong., 1st sess.), 1939–1 (Part 2) C. B. 409, at p. 430, and Conference Report (No. 1882, 70th Cong., 1st sess.), 1939–1 (Part 2) C. B. 444, at pp. 450 and 452, provide:

[Senate Finance Report.]   Section 276 (b) of the House bill corresponds to section 278 (c) of the Revenue Act of 1926 in so far as it provides that the Commissioner and the taxpayer may extend the period for assessment of the tax for 1928 and subsequent years by an agreement in writing and that in such case the tax may be assessed at any time prior to the expiration of the period agreed upon.   Section 276 (b) of the House bill, however, goes somewhat further, in that it specifically provides that such a consent, usually called a "waiver," shall be valid, even though it is executed after the Commissioner's right to make the assessment has expired.   *In the interest of keeping cases closed after the running of the statute of limitations*, the committee has stricken out the provisions in the House bill which make waivers in the case of taxes for 1928 and future years valid when they have been executed after the limitation period has expired.

[*Conference Report.*]   Amendments Nos. 131, 132, 133, and 134: The House bill provided that waivers filed after the expiration of the period of limitation, in the case of income taxes imposed by the new law, should be valid.   The Senate amendments eliminate this provision; and the Houses recedes.

\*          \*          \*          \*          \*          \*          \*

Amendments Nos. 170, 171, 172, and 173: These amendments, which relate to the validity of waivers executed after the expiration of the period of limitation intended to be waived, are similar to amendments Nos. 131, 132, 133, and 134

above. The House bill made such waivers effective even though executed after the expiration of such period. The Senate amendment confined the provisions to waivers executed *before* the expiration of the period; and the House recedes. [Italics supplied.]

The very nature of the question in the case at bar, furthermore, shows that the statute of limitations involved herein is not exclusively for the benefit of the taxpayer, as petitioner contends. It is much to the interest of the Commissioner and to the stability of public revenue that the waiver of limitations be done only in the manner set forth by the statute. A principle of statutory construction of ancient lineage provides that, when a statute limits the method of performing an act, it thereby precludes other methods. *Raleigh & Gaston Railroad Co.* v. *Reed*, 13 Wall. 269; *Botany Worsted Mills* v. *United States*, 278 U. S. 282.

Petitioner relies upon *Horuff* v. *United States* (Ct. Cls., 1935), 9 Fed. Supp. 1016, to establish his right to waive the statute of limitations at any time by filing amended returns and paying additional tax. In that case Horuff, a merchant, had juggled his inventories during the years 1920 to 1923, inclusive, in such a way as to show a falsely low income and thereby decrease his tax. In 1928 he desired to incorporate and sell stock in his new corporation. He then found that a prospectus showing the falsely low income would not help the sale of his stock and that a true statement might involve him with the revenue department. Therefore he filed amended true returns in 1928 for the prior years and paid the additional tax thereon. After his purpose was served, in June 1931, he then filed a suit to recover those payments which he had made in 1928, alleging that the Commissioner had been barred by the statute of limitations from accepting his additional tax payments. At the time Horuff filed his amended returns, section 278 (c) of the 1926 Revenue Act was applicable. It reads as follows:

(c) Where both the Commissioner and the taxpayer have consented in writing to the assessment of the tax after the time prescribed in section 277 for its assessment the tax may be assessed at any time prior to the expiration of the period agreed upon.

There was no provision in the above section requiring that the waiver of limitation be executed before the running of the statute and the Court therein held that the requirements of the existing act had been fulfilled. The Court said:

The taxpayer's written evidence of his intention not to stand upon the statutory limitation, was accepted and approved by the Commissioner in writing when he signed the assessment list of such taxes on July 12, 1928.

Cf. *Helvering* v. *Newport Co.*, 291 U. S. 485.

Section 278 (c) of the 1926 Act, applied in the *Horuff* case, and section 276 (b) of the code, which must be applied in the instant pro-

ceeding, differ in that the former permits an extension, by consent, of the time within which an assessment may be made even though executed after the running of the statute, whereas the latter, as heretofore noted, requires that the consent be executed before the expiration of the period of limitation. The respondent has pleaded section 276 (b), *supra*, in defense of the deficiencies, urging that it constitutes a bar to any payment by petitioner or collection by the Commissioner of additional income taxes for years prior to January 1, 1940. We agree with the respondent. The difference between the statutory provisions applied in the *Horuff* case and those we have to apply in this proceeding require that our conclusion be *contra* to that reached in that case. Even if it be assumed for the purposes of this decision that the filing of amended returns, and the payment and assessment of the additional taxes shown as due thereon, qualified as the consent in writing by the Commissioner and the taxpayer required by section 276 (b), they were ineffective as a waiver because executed after the expiration of the period of limitation and did not operate to change the allowance for depreciation claimed by petitioner in his original returns and allowed for the years prior to January 1, 1940. The inability of the petitioner and Commissioner under the law to execute a valid waiver as late as November 24, 1943, for the years 1933 to 1939, inclusive, rendered nugatory any action taken by either of them with a view to changing petitioner's liability for tax for those years. This being our conclusion, we deem it unnecessary to discuss whether petitioner has or has not proved that his depreciation deductions for years prior to 1940 were excessive. Respondent correctly decided that, in determining the allowances for depreciation petitioner may deduct in his returns for the taxable years, the cost of the depreciable assets must be reduced by the amounts claimed as deductions for depreciation in years prior to 1940 and allowed by the Commissioner prior to the filing of the amended returns.

Reviewed by the Court.

*Decision will be entered for the respondent.*

---

TURNER and MURDOCK, *JJ*., concurring: A taxpayer can not claim and be allowed deductions for depreciation and then, years later, when he discovers that lesser deductions would benefit him more in the long run, avoid the effect of *Virginian Hotel Corporation* v. *Helvering*, 319 U. S. 523, by filing amended returns for the earlier years. We find no occasion to decide whether or not amended returns could be filed.

VAN FOSSAN, DISNEY, and LEMIRE, *JJ*., agree with the above.