Whitaker, Judge,
delivered the opinion of the court:
The plaintiffs sue for a refund in taxes in the sum of $48,606.21 and interest. Defendant has filed a motion for summary judgment based upon the contention that the parties had entered into a binding agreement or compromise of the taxes due, and that the agreement had been fully executed, followed by a closing of the case in the office of the Commissioner of Internal Revenue. The question presented is whether or not there was effected a binding agreement to compromise which forecloses the subsequent filing of a claim for refund of the amount of tax liability agreed upon.
The Commissioner of Internal Revenue proposed a deficiency against the taxpayers on the ground that they had reported as capital gains income which the Commissioner thought was ordinary income and not capital gains.
A number of conferences were held between the taxpayers’ representative and representatives of the Internal Revenue Service extending from shortly after September 21, 1959, to January 25,1960. On the latter date, the taxpayers’ authorized representative wrote to Mr. N. C. Davis, of the Appellate Division, Internal Revenue Service, Pittsburgh, Pennsylvania, a letter, the first paragraph of which reads as follows:
In accordance with the suggestion made at our last conference, I hereby make an offer of settlement of the income tax liability of Mr. and Mrs. Hamilton for the year 1956 on the basis of having one-third of the total distributions received from the Superior profit sharing trust treated as capital gain and the remaining two-thirds as ordinary income.
*118 There was attached to this letter computations showing the income tax liability computed upon the basis suggested.
The taxpayers’ proposal was for a reduction in the amount for which the Commissioner intended to propose a deficiency in the sum of $17,920.22, leaving a deficiency of $20,825.88, to which the taxpayers offered to agree. Two days later, on January 27,1960, Mr. Davis replied, enclosing an agreement on Form 870-AD, showing this deficiency of $20,825.88, which he requested the taxpayers to execute. His letter stated that the “agreement is subject to acceptance by or on behalf of the Commissioner of Internal Revenue * *
The taxpayers executed the agreement three days later, on January 30, 1960. The first paragraph thereof reads:
Pursuant to the provisions of section 6213(d) of the Internal Revenue Code of 1954, or corresponding provisions of prior internal revenue laws, the undersigned offers to waive the restrictions provided in section 6213 (a) of the Internal Revenue Code of 1954, or corresponding provisions of prior internal revenue laws, and to consent to the assessment and collection of the following deficiencies with interest as provided by law. The undersigned offers also to accept the following over-assessments as correct:
There followed a tabulation headed “Deficiencies”. Underneath the heading there appears the following: year ended, Dec. 31, 1956; type oe tax, Income; tax, $20,825.88; total, $20;825.88.
Under the heading “Overassessments” there were no entries.
Then followed this statement:
This offer is subject to acceptance by or on behalf of the Commissioner of Internal Revenue. It shall take effect as a waiver of restrictions on the date it is accepted. Unless and until it is accepted, it shall have no force or effect.
If this proposal is accepted by or on behalf of the Commissioner, the case shall not be reopened in the absence of fraud, malfeasance, concealment or misrepresentation of material fact, or an important mistake m mathematical calculation; and no claim for refund shall be filed or prosecuted for the year (s) above stated other than for the amounts of overassessments shown above. The taxpayer also agrees to make payment of the above *119 deficiencies, together with interest, as provided by law, promptly upon receipt of notice and demand from the District Director of Internal Revenue.
At the bottom of the form there is the following:
Rote. — The execution and filing of this offer will expedite the adjustment of your tax liability. It is not, however, a final closing agreement under section 7121 of the Internal Revenue Code of 1954, nor does it extend the statutory period of limitation for refund, assessment, or collection of the tax.
This form was transmitted to Mr. R. C. Davis on February 1, 1960, 'by taxpayers’ representative. On February 3, 1960, Mr. J. J. Morgan, who designates himself as “Special Assistant”, wrote a letter to plaintiffs, the first paragraph of which reads as follows:
On January 30, 1960, there was submitted on your behalf, subject to acceptance by or on behalf of the Commissioner of Internal Revenue, an executed agreement, Form 870-AD, evidencing your willingness to effect a settlement of your income tax liability on the basis of a deficiency in such tax of $20,825.88 for the year ended December 31, 1956. The agreement has been accepted on behalf of the Commissioner.
On the same date he filed with the District Director of Internal Revenue, at Pittsburgh, Pennsylvania, what is called an “Action Memorandum.” The first part of this memorandum shows the “Deficiency Proposed by District Director, $38,746.10.” Then the following, which is directed to the District Director of Internal Revenue, Pittsburgh, Pennsylvania:
I return for appropriate action the file relating to the above-described case, accompanied by a statement of the issue, the relevant facts and law, and the conclusion reached, with the grounds therefor. This statement has my approval and is incorporated as a part of the record of the case. The Appellate Division has reached the following—
DECISION
The deficiency to be assessed in this case is as follows:

Year Kind of Tax Deficiency

1956 Income $20,825.88
*120 The taxpayers accept the foregoing determination as set forth in the accompanying agreement, which waives the statutory restrictions on assessment and collection.
By direction of the Commissioner:
J. J. Morgan,
Date: Feb. 3, 1960. Special Assistant.
Notwithstanding the agreement set forth in the foregoing documents, the taxpayers filed a claim for refund on October 8, 1960, which included the amount of the deficiency assessed. The Government disallowed this claim on the ground that, “Deficiency established by the Appellate Division for the year 1956, agreed to by the taxpayer and waiver form 870-AD signed January 30, 1960.”
This suit was filed on May 29,1961.
Apparently there was an unqualified offer of settlement by the taxpayers, and an acceptance by a representative of the Commissioner. The original proposal was made by the taxpayers’ representative, in which he said, “I hereby make an offer of settlement.” This was followed by a letter from N. C. Davis, Technical Advisor, enclosing form 870-AD, which the taxpayers were asked to execute. This form was executed and forwarded to the Commissioner’s representative. It contains this sentence:
If this proposal is accepted by or on behalf of the Commissioner, the case shall not he reopened in the absence of fraud, malfeasance, concealment or misrepresentation of material fact, or an important mistake in mathematical calculation; and no claim for refund shall he filed or prosecuted for the year(s) above stated other than for the amounts of overassessments shown above. The taxpayer also agrees to make payment of the above deficiencies, together with interest, as provided by law, promptly upon receipt of notice and demand from the District Director of Internal Revenue. [Italics supplied.]
This was accepted by J. J. Morgan, Special Assistant.
There can be no doubt that this was a compromise of the tax liability between the taxpayers and representatives of the Commissioner of Internal Revenue, if the prerequisites of section 7122 of the 1954 Internal Revenue Code were complied with.
*121 The leading case on the question of the authority of the Commissioner of Internal Revenue to compromise tax cases is Botany Mills v. United States, 278 U.S. 282 (1928). On pages 288-289 the Court said:
We think that Congress intended by the statute to prescribe the exclusive method by which tax cases could be compromised, requiring therefor the concurrence of the Commissioner and the Secretary, and prescribing the formality with which, as a matter of public concern, it should be attested in the files of the Commissioner’s office; and did not intend to intrust the final settlement of such matters to the informal action of subordinate officials in the Bureau. When a statute limits a thing to be done in a particular mode, it includes the negative of any other mode. Raleigh, etc. R.R. Co. v. Reid, 13 Wall. 269, 270; Scott v. Ford, 52 Ore. 288, 296.
The statute discussed in that case was section 3229 of the Revised Statutes. The present statutory authorization for compromise of tax cases is section 7122 of the Internal Revenue Code of 1954, which reads:
Seo. 7122. Compromises.
(a) Authorization.
The Secretary or his delegate may compromise any civil or criminal case arising under the internal revenue laws prior to reference to the Department of Justice for prosecution or defense; and the Attorney General or his delegate may compromise any such case after reference to the Department of Justice for prosecution or defense.
(b) Record.
Whenever a compromise is made by the Secretary or his delegate in any case, there shall be placed on file in the office of the Secretary or his delegate the opinion of the General Counsel for the Department of the Treasury or his delegate, with his reasons therefor, with a statement of
(1) The amount of tax assessed,
,(2) The amount of interest, additional amount, addition to the tax, or assessable penalty, imposed by law on the person against whom the tax is assessed, and
(3) The amount actually paid in accordance with the terms of the compromise.
*122 The regulations of the Commissioner in section 601.203 reads:
(b) Use of prescribed form. Offers in compromise are required to be submitted on Form 656 (Rev. 7-57), properly executed, and accompanied by a financial statement on Form 433 (if based on inability to pay). Form 656 is used in all cases regardless of whether the amount of the offer is tendered m full at the time the offer is filed or the amount of the offer is to be paid by deferred payment or payments. Copies of Form 656 may be obtained from district directors. An offer in compromise should be filed with the district director charged with the duty of collecting the tax sought to be compromised.
This offer in compromise was not submitted on this form, but if the requirements of section 7122 were complied with, we think there was a valid compromise notwithstanding the failure to use the prescribed form, because, since the requirement of the use of a particular form was a requirement of the regulations, and not a statutory requirement, the Commissioner had the right to waive the use of this form, if he chose to do so.
The question with which we are confronted, therefore, is whether or not the compromise effected in this case complies with section 7122 of the Internal Revenue Code of 1954. The Commissioner’s authority to compromise is circumscribed by this section and, hence, there must have been a compliance with it to bind the Government, and, if the Government is not bound, the taxpayer is not. Botany Mills v. United States, supra.
Since the decision in Botany Mills, the restrictions on the authority to compromise tax cases have been considerably relaxed. Whereas section 3229 of the Revised Statutes, under consideration in Botany Mills, authorized the Commissioner of Internal Revenue to enter into compromises, only with the advice and consent of the Secretary of the Treasury, and required that it be accompanied by an opinion of the Solicitor of Internal Revenue, giving the reasons for his opinion, etc., section 7122 of the Internal Revenue Code of 1954 does not require the approval of the Secretary of the Treasury, 'but authorizes compromises by the Secretary of *123 the Treasury, or Ms delegate, and does not require an opinion by the Solicitor of Internal Revenue, but an opinion of the General Counsel of the Treasury, or Ms delegate. Both R.S. 3229 and section 7122 of the Internal Revenue Code of 1951 require that the opinion accompanying the agreement give the reasons of the writer and also a statement of the amount of (1) the amount of the tax assessed, (2) the amount of interest, additional amount, addition to the tax and penalty imposed by law, and (3) the amount, paid in compromise.
If, therefore, the compromise in this case was entered into by one authorized to do so by the Secretary of the Treasury, and was accompanied by an opinion of an authorized delegate of the General Counsel of the Treasury, which is properly on file, it is binding on the Government. If not, the Government is not bound thereby, and if the Government is not bound, the taxpayer is not. It must have 'been a mutually binding agreement.
Have the statutory requirements been met ? Upon receipt of the taxpayers’ offer, the Technical Advisor to the Commissioner sent the taxpayers Form 870-AD, which stated that it was ineffective until accepted by the Commissioner of Internal Revenue. It was accepted for the Commissioner by “J. J. Morgan, Special Assistant.” Presumably the Secretary had delegated to him the authority to do so.
Section 7122(b) requires that whenever a case is compromised by the Secretary or his delegate, “there shall be placed on file in the office of the Secretary or his delegate the opinion of the General Counsel of the Treasury or Ms delegate.”
Plaintiffs say in their brief: “Further essential requirements of § 7122 and the regulations have not 'been met, such as filing with the District Director, consideration by the Chief Counsel, and recording in the Office of the Secretary of the Treasury,” but they do not point to anything in the pleadings or the exhibits to support their statement. Defendant, on the other hand, says this requirement has been met, as shown by Exhibit 11, which is the “Action Memorandum” heretofore referred to. This memorandum, addressed to the District Director of Internal Revenue and *124 signed by J. J. Morgan, Special Assistant, who accepted the offer on behalf of the Commissioner, reads in part: “I return for appropriate action the file relating to the above-described case, accompanied by a statement of the issue, the relevant facts and law, and the conclusion reached, with the grounds therefor. This statement has my approval and is incorporated as a part of the record of the case. * * *” [Italics supplied.] The statement is not made a part of Exhibit 11, but apparently it is the statement required of the General Counsel of the Treasury, or his delegate. So far as it appears, this was filed in the office of the person delegated by the Secretary as the proper custodian of such documents. At least, the contrary does not appear.
Plaintiffs have not shown us that the requirements of section 7122 have not been met. Before their claim for refund can be considered, in face of the unequivocal terms of the compromise agreement and the express prohibition against the filing or prosecution of a claim for refund, they must show that this section has not been complied with. This they have not done. On the contrary, on the face of the documents that have been exhibited, it would seem that the section has been complied with.
If it has been, there can be no doubt that the parties have compromised their differences and that plaintiffs have agreed that no claim for refund would be filed, except for an over-assessment shown in the agreement of compromise, of which there was none.
In the light of what we have said above, we do not consider whether plaintiffs are estopped to deny the binding effect of the compromise entered into, which was the basis of our decision in Guggenheim v. United States, 111 Ct. Cl. 165, 77 F. Supp. 186 (1948), cert. denied 335 U.S. 908 (1949).
The compromise covered plaintiffs’ tax liability for the year in question. It recited that, upon acceptance of the offer of compromise, “the case shall not be reopened in the absence of fraud, malfeasance, concealment, or misrepresentation of material fact, or an important mistake in mathematical calculation * * None of the things authorizing a reopening of it are alleged. It further provides, “no claim for refund shall be filed or prosecuted for the year(s) *125 above stated other than for the amounts of overassessments shown above.” No overassessment was shown above.
Defendant’s motion for summary judgment is, therefore, granted, and plaintiffs’ petition is dismissed.