**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
               *Plaintiff-Appellant,*

v.

CARLTON KEITH ROPER, a/k/a Danny
Lewis,

               *Defendant-Appellee.*

No. 05-4236

UNITED STATES OF AMERICA,
               *Plaintiff-Appellant,*

v.

GEORGE O'NEIL BUTLER,
               *Defendant-Appellee.*

No. 05-4246

Appeals from the United States District Court
for the Western District of North Carolina, at Charlotte.
Lacy H. Thornburg, District Judge.
(CR-01-183; CR-00-53)

Argued: December 2, 2005

Decided: September 7, 2006

Before WIDENER, WILLIAMS, and MOTZ, Circuit Judges.

_____

Reversed and remanded by published opinion. Judge Williams wrote
the opinion, in which Judge Widener and Judge Motz joined.

_____

**COUNSEL**

**ARGUED:** Jennifer Ann Youngs, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellant. Thomas A. Will, Jr., Gastonia, North Carolina; David William Hands, Charlotte, North Carolina, for Appellees. **ON BRIEF:** Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, for Appellant.

---

**OPINION**

WILLIAMS, Circuit Judge:

In this appeal, the Government challenges the district court's remittance of Carlton Roper's and George Butler's restitution and the remittance of Roper's special assessment. The Government asserts that because the district court imposed the restitution orders pursuant to the Mandatory Victim Restitution Act (MVRA), 18 U.S.C.A. §§ 3663A (West 2000) and 3664 (West 2000), it lacked the authority to remit the restitution orders. The Government also contends that because 18 U.S.C.A. § 3013 (West 2000) requires a district court to impose a special assessment for every conviction, the district court lacked authority to remit sua sponte Roper's special assessment. For the following reasons, we reverse.

I.

The facts of this appeal are largely undisputed. On January 5, 2001, Butler pleaded guilty to conspiracy to commit bank fraud and aiding and abetting bank fraud. He was given a sentence of thirty months' imprisonment and three years of supervised release, and ordered to pay a special assessment of $100.00 and restitution in the amount of $110,020.00. Butler served his prison sentence, but he violated the terms of his supervised release. At a probation revocation hearing, the district court revoked Butler's supervised release and sentenced him to an additional term of imprisonment of twelve months and a day. The district court then remitted Butler's restitution, finding that it would be impossible for Butler to satisfy the restitution order.

The relevant facts of Butler's case are similar to those of Roper's case. On February 20, 2002, Roper pleaded guilty to conspiracy to commit bank fraud and uttering forged and counterfeit securities. He was sentenced to fifteen months' imprisonment and two years of supervised release, and ordered to pay a $200 special assessment and restitution in the amount of $281,914.34. Roper served his prison sentence, but he violated the terms of his supervised release. At a probation revocation hearing, the district court revoked Roper's supervised release and sentenced him to an additional six months' imprisonment. The district court also remitted Roper's restitution and special assessment, finding that it would be impossible for Roper to pay the amounts.

The Government appealed the district court's orders remitting Roper's and Butler's restitution and Roper's special assessment. Because the same legal issue was involved, we consolidated the cases, and we have jurisdiction to review the district court's order under 28 U.S.C.A. § 1291 (West 1993).

## II.

We first address the Government's argument that under the MVRA, district courts lack the authority to remit previously imposed restitution. We review such questions of law de novo. *United States v. Collins*, 415 F.3d 304, 307 (4th Cir. 2005).

In 1996, Congress passed the MVRA, which states "[n]otwithstanding any other provision of law, when sentencing a defendant convicted of an offense described in subsection (c), the court *shall* order . . . that the defendant make restitution to the victim of the offense."[1] 18 U.S.C.A. § 3663A(a)(1)(emphasis added). This language clearly states that a restitution order imposed under the MVRA is mandatory. Prior to the enactment of the MVRA, district courts had discretion, under the Victim and Witness Protection Act of 1982 (VWPA), 18 U.S.C.A. § 3663 (West 2000), in deciding whether to order restitution. *See United States v. Alalade*, 204 F.3d 536, 539 (4th Cir. 2000). The MVRA differs from the VWPA by "mak[ing]

---

[1]There is no dispute that Butler and Roper pleaded guilty to crimes covered under subsection (c).

clear that a district court is *required* to order a defendant to make restitution to the victim of a covered offense in the full amount of each victim's loss." *Id.* at 540 (emphasis added). Portions of the VWPA survived the MVRA, and district courts may, in appropriate cases, continue to exercise their discretion in deciding whether to impose restitution orders under the VWPA. When a defendant is convicted of a crime specified in the MVRA, however, Congress has mandated that the defendant's sentence include full restitution to the victim.

At sentencing, the district court properly followed the dictates of the MVRA and ordered full restitution to the banks that Butler and Roper defrauded. Because the restitution orders were mandatory, the Government contends that the district court lacked the authority to remit the orders when revoking the defendants' supervised release. Roper and Butler argue that the MVRA does not preclude district courts from remitting their restitution.

When called to interpret federal statutes, "[c]ourts indulge a strong presumption that Congress expresses its intent through the language it chooses. Therefore, when the terms of a statute are clear and unambiguous, our inquiry ends and we should stick to our duty of enforcing the terms of the statute as Congress has drafted it." *United Kingdom Ministry of Def. v. Trimble Navigation Ltd.*, 422 F.3d 165, 171 (4th Cir. 2005)(internal quotation marks omitted). "We assume that the legislature used words that meant what it intended; that all words had a purpose and were meant to be read consistently; . . . and that a statute is not self-contradictory or otherwise irrational." *See Salomon Forex, Inc. v. Tauber*, 8 F.3d 966, 975 (4th Cir. 1993).

The MVRA does not explicitly give district courts the authority to remit a restitution order imposed thereunder. Moreover, the fact that such orders are mandatory counsels strongly against a conclusion that the MVRA impliedly gives the district court the power to remit them. It would be simply irrational to conclude that a district court has the authority to remit restitution orders that Congress has said must be mandatorily imposed: such authority would nullify the force and effect of the MVRA. Furthermore, the MVRA, in narrow circumstances, does allow for the reduction of an order of restitution where the victim has recovered a portion of the loss in a federal or state civil proceeding. 18 U.S.C.A. § 3664(j)(2)("Any amount paid to a victim

under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim" in a civil proceeding.). Because the MVRA includes one unique circumstance where district courts may reduce a mandatory order of restitution, we will not read into the statute any additional authority to remit such orders. *See Raleigh Gaston R.R. Co. v. Reid*, 80 U.S. 269, 270 (1872)("When a statute limits a thing to be done in a particular mode, it includes a negative of any other mode.").

Our case law further supports a conclusion that district courts are generally without authority to remit restitution orders entered under the MVRA. In *United States v. Alalade*, the issue was whether a district court had the authority to order restitution under the MVRA in an amount less than the full amount of the victim's loss. 204 F.3d 536, 540 (4th Cir. 2000). We held that the MVRA did not grant district courts discretion to award partial restitution because "with [the] passage of the MVRA, Congress completely deleted the language of the VWPA affording the district court discretion in cases [under § 3663A(c)] to consider any factor it deemed appropriate in determining the amount of restitution to be ordered . . . and replaced it with language requiring the district court to order restitution in the full amount of loss to each victim." *Id.* at 540; *see also United States v. Newsome*, 322 F.3d 328, 341 (4th Cir. 2003)(noting that the MVRA permits a district court to "mitigate the impact" of a restitution order in "only two respects": (1) "relax[ing] the 'manner' of payment" and (2) "apportion[ing] the payment among defendants if more than one defendant . . . contributed to the loss"). If the MVRA removed a district court's power to impose a restitution order for less than the amount of loss owed, it also removed the district court's power to take the more drastic step of remitting an entire restitution order. Consistent with the statutory text and the reasoning of *Alalade*, we believe that the terms of the MVRA clearly dictate that a district court cannot remit a mandatorily imposed restitution order.

Roper and Butler argue that several statutes suggest that district courts possess the authority to remit restitution orders entered under the MVRA.[2] First, Roper and Butler point to 18 U.S.C.A. §§ 3553

---

[2]Roper and Butler concede that no specific statutory language directly authorizes the remittance of restitution ordered pursuant to the MVRA.

(West 2000) and 3583 (West 2000). Section 3553 provides a list of factors district courts should consider when imposing a sentence, including "the need to provide restitution to any victims of the offense." 18 U.S.C.A. § 3553(a)(7). Section 3583 requires district courts to consider § 3553(a) when imposing or revoking a term of supervised release. 18 U.S.C.A. § 3583(e)("The court may, after considering the factors set forth in § 3553(a) . . . terminate a term of supervised release . . . ., extend a term of supervised release . . ., [or] revoke a term of supervised release . . . ."). Roper and Butler argue that because the district court must consider the need to provide restitution in deciding whether to revoke their supervised release, it must have the power to remit previously imposed restitution orders.

Sections 3553 and 3583 will not bear the weight Roper and Butler place upon them. In requiring district courts to consider the need to provide restitution to the victims of the crime in deciding whether to revoke a defendant's supervised release, these sections do not provide district courts the affirmative authority to remit the prior order. Instead, the district court must consider the need to provide restitution because, all else being equal, the defendant will be less likely to acquire the means to comply with a restitution order while incarcerated than while working outside of prison. If the need to provide restitution is great, this fact may weigh on the side of continuing supervised release. Moreover, to read § 3553 as providing district courts the authority to remit mandatorily imposed restitution orders would frustrate Congress's intent to force defendants to repay victims for the financial harm they inflicted, as specifically set forth in the MVRA. *See Watt v. Alaska*, 451 U.S. 259, 267 (1981)("We must read the statutes [in those instances where there is any possible conflict] to give effect to each if we can do so while preserving their sense and purpose.").

Roper and Butler also direct our attention to 18 U.S.C.A. § 3612 (West 2000), which dictates that district courts include certain information in a "judgment or order imposing, modifying, or remitting a fine or restitution order." They argue that if Congress sought to preclude district courts from remitting restitution orders imposed under the MVRA it would not have included such language in § 3612. We reject this argument. Section 3612 makes no specific reference to the MVRA, nor does it imply that restitution orders issued under the

MVRA are subject to remission. Rather, § 3612 is an umbrella statute that applies to all forms of criminally imposed fines and restitution orders. Thus, § 3612's reference to remitted restitution orders is best understood as referring to those fines and restitution orders that may be remitted. Such a general statute cannot void the specific language of the MVRA. *See Equal Employment Opportunity Comm'n v. Gilbarco, Inc.*, 615 F.2d 985, 1002 n.29 (4th Cir. 1980)("[w]here . . . a[n] inescapable conflict [exists] between general terms . . . of a statute and other terms or provisions . . . of a specific nature, the specific will prevail."(internal quotation marks omitted)); *S.C. Dept. of Health & Envtl. Control v. Commerce & Indus. Ins. Co.*, 372 F.3d 245, 258 (4th Cir. 2004)("It is an elementary tenet of statutory construction that where there is no clear intention otherwise, a specific statute will not be controlled or nullified by a general one." (internal quotation marks omitted)). Moreover, if Congress had intended § 3612 to provide courts with the authority to remit restitution orders imposed under the MVRA, Congress likely would have said so. *See Chisom v. Roemer*, 501 U.S. 380, 396 (1991)(rejecting argument that the Voting Rights Act's use of the term "representatives," implies that the Act does not apply to vote dilution claims involving judicial elections because "if Congress had such an intent, Congress would have made it explicit in the statute" (internal quotation marks omitted)).

Roper and Butler next direct our attention to 18 U.S.C.A. § 3613. In 18 U.S.C.A. § 3613, Congress referenced the MVRA by stating that "a fine . . . or an order of restitution made pursuant to sections 2248, 2259, 2264, 2327, 3663, 3663A, or 3664 of this title, is a lien in favor of the United States . . . . The lien arises on the entry of the judgment and continues for 20 years or until the liability is satisfied, remitted, set aside, or is terminated." Although § 3613 specifically references the MVRA, it should not be read to suggest that mandatory restitution orders may be remitted because the text of § 3613 does not confer on courts the authority to remit restitution orders, but merely discusses the effect of all liens and restitution orders. Thus, § 3613's reference to remitting liabilities is also best read as a reference to fines and, to the extent that § 3613 allows district courts to remit restitution orders, it most likely relates to the narrow authority provided under § 3664(j)(2) to reduce mandatory restitution orders by any amount recovered in civil litigation. Because, absent circumstances not present here, *see* 18 U.S.C.A. § 3664(j)(2), no statutory authority

provides district courts the power to remit restitution orders imposed under the MVRA, we conclude that the district court erred in remitting Roper's and Butler's restitution orders.

### III.

The Government also challenges the district court's remittance of Roper's special assessment. Whether a district court has the authority to remit a previously imposed special assessment is a question of law that we review de novo. *Collins*, 415 F.3d at 304.

Section 3013 states that a "court *shall* assess on any person convicted of an offense against the United States . . . in the case of a felony the amount of $100 if the defendant is an individual." 18 U.S.C.A. § 3013(a)(2)(A)(West 2000)(emphasis added). This section "requires a federal district court to impose a . . . special assessment for every conviction," *Rutledge v. United States*, 517 U.S. 292, 301 (1996).

Just as the mandatory nature of the MVRA counsels against finding an implied authority to remit restitution orders, so too does the mandatory language of § 3013 suggest that district courts may not sua sponte remit special assessments. Also, like the limited exception found in the MVRA, § 3013 provides for the remittance of special assessments in one instance. Section 3013 allows district courts to remit a special assessment "*upon the petition of the Government* showing that reasonable efforts to collect a fine or assessment are not likely to be effective." 18 U.S.C.A. § 3573 (West 2000)(emphasis added); *see also* 18 U.S.C.A. § 3612(h) (West 2000). To read into § 3013 a grant of unfettered authority for district courts to remit mandatory special assessments would run afoul of Congress's intent to give courts the power to remit special assessments only upon the petition of the government. *See Raleigh*, 80 U.S. at 270 ("When a statute limits a thing to be done in a particular mode, it includes a negative of any other mode."). Because the language of § 3013 clearly and unambiguously prohibits the remittance of special assessments except in specified circumstances not relevant here, we therefore conclude that the district court erred in remitting Roper's special assessment sua sponte.

## IV.

For the foregoing reasons, we reverse the district court's orders and remand with instructions to reinstate the restitution orders and special assessment.

*REVERSED AND REMANDED*