**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 06-4745**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

versus

TAIWANNA SULLIVAN,

Defendant - Appellee.

———————————

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Lacy H. Thornburg,
District Judge.  (3:02-cr-00144)

———————————

Submitted:  January 3, 2007          Decided:  July 11, 2007

———————————

Before TRAXLER and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————————

Vacated and remanded by unpublished per curiam opinion.

———————————

Gretchen C. F. Shappert, United States Attorney, Jennifer A.
Youngs, Assistant United States Attorney, OFFICE OF THE UNITED
STATES ATTORNEY, Charlotte, North Carolina, for Appellant. Angela
Parrott, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC.,
Charlotte, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this appeal, the government challenges the district court's complete remittance of criminal defendant Taiwanna Sullivan's (Sullivan) victim restitution which it had previously ordered her to pay pursuant to the Mandatory Victim Restitution Act (MVRA), 18 U.S.C. § 3663A, 3664. For the following reasons, we vacate the portion of the district court's April 19, 2006 judgment remitting Sullivan's victim restitution and remand with instructions that the district court reinstate its original order of restitution.

I.

On March 13, 2003, the district court entered a criminal judgment sentencing Sullivan to three years probation on each single count of "[c]onspiracy to commit bank fraud, mail theft & embezzlement," 18 U.S.C. § 371, and "[t]heft of U.S. mail & aiding & abetting," 18 U.S.C. § 2, 1708, to run concurrently. (J.A. 53). Of relevance on appeal, the criminal judgment also ordered Sullivan to pay $110,764.79 in victim restitution pursuant to the MVRA in minimum monthly installments of $50. Sullivan subsequently violated certain conditions of her probationary sentence. As a result, on April 19, 2006, the district court entered a criminal judgment revoking Sullivan's probation and sentencing her to three months' imprisonment. Of relevance on appeal, the criminal judgment also ordered that "ALL OUTSTANDING MONETARY PENALTIES

RESULTING FROM THE INITIAL ENTRY OF JUDGMENT ENTERED IN THIS CASE ARE ORDERED REMITTED."[*] (J.A. 24). The district court commented at Sullivan's probation-revocation hearing that it ordered such total remittance "considering [Sullivan's] inability to make even minor payments along with assisting her children on the amount of restitution ordered, . . . it would be a hardship to require her to pay any . . . further payments on restitution." (J.A. 19).

The government noted a timely appeal from the district court's April 19, 2006 criminal judgment. On appeal, the government challenges the district court's remittitur of the total outstanding victim restitution Sullivan had been ordered to pay pursuant to the MVRA.

II.

The government argues that, because the district court imposed the victim restitution order pursuant to the MVRA, the district court lacked the authority to remit it on the ground of Sullivan's dire financial situation. We agree.

Our recent decision in United States v. Roper, 462 F.3d 336 (4th Cir. 2006), is dispositive. Roper was a consolidated appeal of two separate appeals by the government concerning two unrelated criminal defendants, Carlton Roper and George Butler, who had

---

[*]The parties agree that Sullivan's outstanding balance of victim restitution was $109,589.79.

violated the terms of their supervised release.  Id. at 337.
Following the district court's respective revocations of their
supervised release, the district court, on the ground of
impossibility to pay, respectively remitted the total amount of the
victim restitution previously imposed pursuant to the MVRA.  Id.
As in the instant appeal, the government argued that, under the
MVRA, district courts lack the authority to remit victim
restitution previously ordered pursuant to the MVRA unless such
remittitur is ordered to offset "any amount later recovered as
compensatory damages for the same loss by the victim" in a civil
proceeding, 18 U.S.C. § 3664(j)(2).  Roper, 462 F.3d at 337-38.  We
agreed with the government, holding that the plain language and
structure of the MVRA, as well as our case law, compelled the
conclusion that the district court erred in remitting Roper's and
Butler's victim restitution orders.  Id. at 337-340.  Accordingly,
we reversed the district court's remittitur orders and remanded
with instructions to reinstate the victim restitution orders.  Id.
at 341.

Like Roper, the district court in the instant appeal remitted
Sullivan's victim restitution order because of her dire financial
situation.  Under Roper, such remittitur constituted error.
Moreover, we have reviewed Sullivan's remaining arguments in
defense of the district court's remittitur and find them to be
without merit.  Accordingly, we vacate the portion of the district

court's April 19, 2006 judgment remitting Sullivan's victim restitution order and remand with instructions that the district court reinstate its original restitution order under the MVRA. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED