**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 14-4651**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JESSE JAMES BALDWIN, JR.,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:13-cr-00318-TDS-2)

---

Submitted: June 30, 2015          Decided: July 30, 2015

---

Before NIEMEYER and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Thomas H. Johnson, Jr., GRAY & JOHNSON, LLP, Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, Joanna G. McFadden, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jesse James Baldwin, Jr., pled guilty to conspiracy to pass counterfeit obligations and passing counterfeit obligations, in violation of 18 U.S.C. §§ 2, 371, 472 (2012). Baldwin was sentenced to 28 months' imprisonment and ordered to pay $48,800 in restitution. On appeal, Baldwin argues that his sentence was unreasonable and that the court's restitution order was not adequately supported by evidence. Our review reveals no reversible error. Accordingly, we affirm.

## I.

We review a sentence for reasonableness under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Rivera-Santana, 668 F.3d 95, 100 (4th Cir. 2012). First, we ensure "that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the [Sentencing] Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51. We review a preserved claim of sentencing error for abuse of discretion and, if error is found, will reverse unless we conclude that the error was harmless. United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010).

2

If the sentence is free of "significant procedural error," we review the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. We presume on appeal that any sentence within or below a properly calculated Guidelines range is reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014). "A defendant can only rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Dowell, 771 F.3d 162, 176 (4th Cir. 2014) (alteration omitted).

Baldwin argues that the district court procedurally erred by accepting the presentence report's calculation of his criminal history points, which assessed Baldwin seven criminal history points for offenses he committed at age 16. We reject Baldwin's argument, as the U.S. Sentencing Guidelines Manual § 4A1.2(d)(2)(A) (2013) contemplates that juvenile offenses may, in certain circumstances, be taken into account when calculating criminal history points. Baldwin's convictions meet these circumstances, and thus were appropriately assessed criminal history points. Id.

Baldwin also argues that his within-Guidelines sentence was substantively unreasonable because his sentence was longer than those of his codefendants. We have reviewed the record and

conclude that, though Baldwin's sentence was longer than the sentences imposed on his codefendants, Baldwin's sentence was reasonable. He had a higher offense level than one codefendant and a greater criminal history category than the others. See 18 U.S.C. § 3553(a)(6). Additionally, during sentencing, the court's reasoning and reliance on factors found in § 3553(a) was thorough and Baldwin has not presented–nor does the record provide–any basis for finding that his within-Guidelines sentence was substantively unreasonable when compared with the § 3553(a) factors.

## II.

Baldwin next argues that his restitution order was not adequately supported by the evidence. We "review the district court's restitution award for an abuse of discretion." United States v. Catone, 769 F.3d 866, 875 (4th Cir. 2014); see also United States v. Grant, 715 F.3d 552, 557 (4th Cir. 2013) ("A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law."). The district court issued Baldwin's restitution order pursuant to the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A-3664 (2012). The MVRA requires that a sentencing court order the defendant to make full restitution to victims of an

4

offense against property.  § 3663A(a), (c)(1)(A)(ii); <u>see also</u> <u>United States v. Roper</u>, 462 F.3d 336, 338 (4th Cir. 2006).  When the underlying offense is a criminal scheme or conspiracy, restitution must be paid to "any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern," § 3663A(a)(2); <u>see</u> <u>United States v. Newsome</u>, 322 F.3d 328, 341 (4th Cir. 2003).

Baldwin argues that his restitution order of $48,800 was not adequately supported by the evidence.  We disagree.  The presentence report, which was adopted by the district court, served as the basis for the $48,800 figure.  Although Baldwin may have desired a more thorough explanation, the court's decision was based on the adopted factual findings, in accordance with the MVRA, and not irrational or erroneous. Thus, we conclude that the district court did not abuse its discretion in imposing restitution.  Further, as to Baldwin's arguments regarding the amount of his restitution order compared with his codefendants', we lack the discretion to reduce Baldwin's restitution order, as the MVRA dictates that the victims must receive full restitution.

We affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are

5

adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED